No. 2571

Second Circuit

———

BLANCHE v. DREW BROTHERS

———

(May 7, 1926.   Opinion and Decree.)

———

(*Syllabus by the Editor.*)

1.  **Louisiana Digest—Appeal—Par. 521.**

Where in a concursus proceeding it is
impossible for the court to determine
what portion of the claim is owing to
one of the plaintiffs, the suit will be
dismissed as of non-suit.

Appeal from the Sixth Judicial District
Court of Louisiana, Parish of Madison.
Hon. F. X. Ransdell, Judge.

Action by George S. Blanche against
Drew Brothers.

There was judgment for plaintiff and
defendant appealed.

Judgment amended and affirmed.

Snyder & Sevier, of Tallulah, attorneys
for plaintiff, appellee.

Drew Brothers, of Minden, attorneys for
defendant, appellant.

REYNOLDS, J.   This is a concursus
proceeding provoked by Drew Brothers
against George S. Blanche, the Louisiana
Highway Commission and others, in which
the latter were brought into court by
legal citation.

The question to be decided is as to
George S. Blanche's claim for $120.30, bal-
ance claimed for gravel hauled, and
$372.05 for cutting a right of way.

The claim grows out of the contract be-
tween Drew Brothers and the Louisiana
Highway Commission for the construction
of what is known as Project Number
117-B.

The district judge before whom the
case was tried rendered a written opinion
wherein he said:

"Blanche says he did so much work,
amounting to what he claims to be due
him.   Complainants (Drew Brothers) in
their evidence seem to be uncertain as to
what was done.   I therefore feel con-
strained to accept Blanche's version as be-
ing correct.   Act 224 of 1918 was passed
for the benefit of all parties to public
contracts, and that a proper adjustment
of claims growing out of same might be
reasonably effected.   While Blanche may
have failed to file statement of his ac-
count, as provided in the Act, I do not see
that under the circumstances of this case
that his claim can be defeated by reason
of such neglectful act, for if I am correct
in allowing it then Drew Brothers, so far
as this court is concerned, owes it, and
the money for its payment is in the hands
of the Louisiana Highway Commission,
which commission through their officers
employed him to do part of the work.   See
testimony of George S. Blanche."

George S. Blanche testified as to his
claim for $372.05 as follows:

"Q.   The clearing of this right-of-way,
did you have a contract with Mr. Drew?
"A.   Mr. d'Autremont had me to do
some of the job, but the other was a piece

they left out and Mr. d'Autremont had me to go cut it. There was a strip left between the first right-of-way and the railroad right-of-way, and they decided they wanted it cut out and they asked some of the people out there to cut it and they wanted 60 cents. Mr. d'Autremont came to me and asked me to go cut it, and told him I could not do it as half the strip was mud. He said go ahead and do the best I could and cut it as cheap as I could and they would see I did not lose anything. When I started I got on the bad end of it first, with mud over knee deep on the mules, and we had to put a snatch-block on and we got along awful slow. When we got two-thirds through the mud he said: 'You are getting along too slow.' And I showed him my expense account and he said, 'that is costing too much and I think you had better quit as you have to move the gravel'. The gravel car was to be in the next day so I knocked off and went to work with the gravel.

"Q. This statement shows just what you cleared?

"A. Yes, shows the number of feet.

"Q. Did you have any contract with Drew Brothers to do that clearing?

"A. For the first part, not the second."

R. C. Drew testified:

"Q. You were to pay him $30.00 an acre for the entire strip?

"A. Yes, sir.

"Q. He said something about some work between the railroad and the original contract?

"A. Well, that's a strip we are talking about. When this road was laid out, after we cut the original right-of-way there was a strip that ran from the corner of Joe's bayou to about 45 feet at Cows bayou. The engineers agreed to pay us for 45 feet all the way.

"Q. Did he have a contract to clear that all the way through there?

"A. Yes, sir.".

From this evidence it is impossible for the court to determine what portion of Blanche's claim for $372.05 is owing by Drew Brothers, and it therefore follows that plaintiff's claim as to this amount must be dismissed as of non-suit.

As to plaintiff's claim for $120.30 for hauling gravel, it is fully established by the evidence and he is entitled to judgment for that amount.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended and it is now ordered, adjudged and decreed that George S. Blanche do have and recover judgment against Drew Brothers for the sum of $120.30 with legal interest thereon from August 18, 1924, until paid, and costs; and that his claim against Drew Brothers for $372.05 be dismissed as of non-suit.

It is further ordered, adjudged and decreed that this judgment be paid out of the fund in the hands of the Louisiana Highway Commission to the credit of Project Number 117-B.

The costs of the lower court to be paid by Drew Brothers; the costs of the appeal to be paid by George S. Blanche.